Filed 8/5/22  P. v. Gunther CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JAMES EDWARD GUNTHER, II,<br><br>　　　Defendant and Appellant. | A162520<br><br>(Sonoma County<br>Super. Ct. Nos.<br>SCR7071381,<br>SCR7146531) |

　　　Pursuant to a negotiated disposition, defendant James Edward Gunther II pled no contest to charges in two cases, one based on events that occurred in mid-2017, and the other on events that occurred in early 2018 while the 2017 charges were pending.  In both cases, the district attorney alleged a prior "strike" based on a 2012 conviction for criminal threats.  At sentencing in the 2017 and 2018 cases, defendant made a *Romero* motion[1] to dismiss the prior strike.  The trial court declined to do so, and defendant appeals.  We affirm.

### BACKGROUND

*The 2017 Case*

　　　In early August 2017, Sonoma County Sheriff's Deputy Brandon Jones, while driving on Highway 101, noticed a Nissan without registration stickers.

_____

[1] *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*).

1

On running the plate, Jones determined the car had a non-operation registration, meaning it could not be driven on the highways. When Officer Jones attempted to make a traffic stop, defendant exited Highway 101, ran through a red light at the offramp intersection, and sped along surface streets, accelerating to 80 mph and running through two stop signs, before colliding with a culvert and landing on a fence next to a commercial property. Defendant then climbed out of the car and jumped over the fence onto the commercial property, where he was arrested. After reading defendant his *Miranda*[2] rights, Officer Jones asked defendant why he had fled. Defendant told Officer Jones he had a suspended license and there was misdemeanor warrant out for his arrest.

Defendant was charged with felony recklessly fleeing a police officer (Veh. Code, § 2800.2), misdemeanor resisting an officer (Pen. Code, § 148, subd. (a)(1)), driving with a suspended license (Veh. Code, § 14601.1, subd. (b)(2)), and misdemeanor hit-and-run driving causing property damage (*id.*, § 20002, subd. (a)). The complaint also alleged a prior strike conviction based on a 2012 conviction for threats to commit a crime resulting in death or great bodily injury (Pen. Code, § 422).[3]

A week after the incident, defendant, who was out on bail, failed to appear for a hearing. The court revoked bail and issued a warrant for his arrest.

*The 2018 Case*

In early 2018, Rohnert Park Police Officer Jacob Lystra and his partner responded to a domestic violence complaint. Upon entering the apartment in question, Officer Lystra saw a man, later identified as defendant, headed into

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

[3] The criminal conduct underlying the conviction occurred in 2011.

a bathroom. Defendant closed the bathroom door, despite Officer Lystra's order to come out. Concerned defendant might be retrieving a weapon, Officer Lystra pulled defendant into the hallway and commenced a pat search. Before Officer Lystra could finish, defendant broke away and ran towards the open, sliding backdoor of the apartment.

Officer Lystra followed defendant outside, where he told defendant to stop and get on the ground. At that point, Officer Lystra applied a carotid control hold, after which both Officer Lystra and defendant fell to the ground, and defendant was arrested.

Defendant was charged with felony resisting an officer (Pen. Code, § 69, subd. (a)), and willful failure to appear while charged with a felony (*id.*, § 1320.5). The complaint also alleged a prior strike conviction based on the 2012 conviction for criminal threats.

After informations were filed in the two cases, and pursuant to a negotiated disposition, defendant entered a plea of no contest in both cases. In the 2017 case, he pled no contest to felony recklessly fleeing from a police officer. In the 2018 case, he pled no contest to felony failure to appear and an added count of misdemeanor resisting an officer (Pen. Code, §§ 1320.5, 148, subd. (a)(1)). The balance of the charges in both cases were dismissed.

Prior to sentencing, defendant made a *Romero* motion to dismiss the 2012 strike conviction for purposes of sentencing. In support of his motion, defendant stated that the 2017 incident coincided with the terminal illness and death of his grandmother, who had raised him from the age of 11, after his parents died. He also pointed to evidence that he was determined to change his life and taking steps to do so. He had found stable employment, did volunteer work, maintained strong family relationships, and obtained a

valid driver's license and registration. He had also, on his own initiative, enrolled in and completed an anger management course.

The prosecution opposed the motion, pointing out defendant's criminal history dated back to 2006. His offenses included: taking a vehicle without the owner's consent, petty theft, burglary, theft by a forged/invalid credit card, driving without a license, false imprisonment, inflicting corporal injury on a spouse, evading a police officer, driving on a suspended license, obstructing or resisting an officer, possessing a controlled substance, violating his probation, failing to appear in court multiple times, and giving false information to an officer. The prosecutor was of the view that defendant fell squarely within the Three Strikes framework based on his criminal history, the seriousness of his most recent offenses, his anger management problems, and his continual disregard for the safety of the public and law enforcement officers, despite having been given fairly lenient sentences for prior crimes.

At the hearing, defendant addressed the court and apologized for his actions and the poor decisions and choices he had previously made.

The court denied the motion and sentenced defendant to four years in state prison.

## DISCUSSION

Acknowledging that a trial court's denial of a *Romero* motion is reviewed for abuse of discretion, defendant does not assert that the record compels the conclusion that his motion should have been granted, but contends, instead, that the trial court failed to engage in the multi-faceted "balancing" dictated by our Supreme Court in *Romero* and *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*). Thus, defendant states, "[t]his appeal presents a single question: did the court fail to balance the relevant factors,

4

as required." (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 [a trial court's decision will be affirmed "[w]here the record demonstrates that [it] balanced the relevant facts and reached an impartial decision in conformity with the spirit of the [Three Strikes] law].")

In deciding whether to grant a *Romero* motion, a trial court must " 'consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*), quoting *Williams, supra,* 17 Cal.4th at p. 161.)

"In reviewing for abuse of discretion, we are guided by two fundamental precepts: First ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination . . . will not be set aside on review" ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. . . ." ' Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra,* 33 Cal.4th at pp. 376–377.)[4]

---

[4] Asserting that "the antirecidivist spirit of [the Three Strikes law] seems to be waning in California," defendant appears to suggest that we should readjust the discretionary lens employed in our review, particularly in light of the recent amendments to Penal Code section 1385. As defendant

5

In denying defendant's motion, the trial court stated:

". . . I have gone back and looked through everything that I've been provided. I was provided a lot of information from you, there's a lot of information in the presentencing report. But what it really comes down to for the Court is[,] has there been a break or change in criminality since that strike that you really fall outside of the scheme of the three strikes law?

"And one of the things that the Court looks at is has the behavior and criminality escalated or de-escalated since that strike first happened? And granted, your strike occurred in 2008,[5] so I went back to that period of time looking forward. And since that time, there were two DMV-related incidents the year that you were discharged from parole, which is in 2011.

"In 2013, a 2800.1, which is somewhat similar but less serious than one of the cases that you're currently pending sentencing for.

"In 2015, a 148(a)(1), which again is somewhat similar, although a little less serious than one of the cases you're currently facing.

"And then these two incidents, the 2800.4[6] [for the 2017 case] and the 69 [for the 2018 case] which occurred only seven months apart, and so the Court has to look at that. And even those escalated.

"So the 2800 when you took off and were, by witness accounts, flying down West Moreland at 80 miles per hour through a residential zone

acknowledges, these new provisions are not retroactive, although they would apply if we were to reverse and remand for resentencing. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) However, we must apply the law as it applied at the time of sentencing and in accordance with Supreme Court precedent. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 454.)

5 The trial court misspoke. Defendant was convicted of burglary (Pen. Code, § 459) and theft by forged/invalid credit card (*id.,* § 484) in 2008, but the alleged strike was a 2012 conviction for criminal threats based on conduct occurring in 2011. (*Id.,* § 422.)

6 The court subsequently corrected itself, that the conviction was for violating Vehicle Code section 2800.2.

that's highly populated and very dense ending in a collision that could have killed you, could have killed the officer chasing you, could have killed the passenger in the car that was asking to be released, that was pretty serious.

"And seven months later, we have a call to your house for a domestic violence incident that ends in really a hand-to-hand scenario with you and the officer who was responding to that in which, you know, that is concerning what happened on that day that you were trying to shake the officer off, that he took an elbow to the forehead or the temple as a result of you trying to break free. That's not an incident the Court can take lightly. And the Court looks at each of these as really escalating incidents.

"And so I really am not in a place where the Court can find a *Romero* is appropriate; that I would strike the strike because it doesn't have those factors that the Court looks to in determining were the incidents more or less serious. They were more serious from the Court's perspective and there has not really ever been a break, just the level has been different."

When defendant asked the court if it had considered the evidence of his employment, the court responded "[t]he Court is well aware of everything that you've done and are doing. But this is not one, based on your history, that the Court can just ignore. . . . The Court cannot find any unusual circumstances to get around those presumptions."

Despite the court's explanation at sentencing, defendant insists the court failed to engage in balancing the appropriate factors. He complains, specifically, that while the court acknowledged that defendant had made positive changes in his life, the court "said nothing about how it **balanced** those 'positive changes' against his prior and current offenses and nothing about how those changes affected his 'prospects,' " citing to *Williams*.

In *Williams,* the trial court *granted* a *Romero* motion, striking one of the defendant's two prior strike offenses. The court's discussion as to why it

7

struck the offense was as follows: " 'I currently think that I . . . have the authority to strike a prior under 1385 of the Penal Code. . . .' '[Defendant's] prior convictions for the serious felonies were in 1982. It would appear, though, since that time he has run afoul with [*sic*] the law many times, but not for crimes involving actual violence. We always have a situation when somebody's driving under the influence, it could have been violence. [¶] However, luckily, nothing happened in this case.' " (*Williams, supra,* 17 Cal.4th at pp. 156–157.) The court "then ordered the finding relating to the prior conviction for the serious felony of attempted robbery vacated: 'That leaves us now with a two-strike case, . . . plus the one-year enhancements for the priors.' " (*Id.* at p. 157.)

The People appealed, and the Court of Appeal reversed. Our Supreme Court affirmed the reversal and remanded to the trial court for further proceedings. (*Williams, supra,* 17 Cal.4th at pp. 164–165.) The high court explained, in part, that the trial court's order was procedurally " 'ineffective' " because it was "unaccompanied by reasons set forth in an order entered on the minutes." (*Id.* at p. 162.) "Contrary to the requirement of Penal Code section 1385(a) . . . [the court] failed to set forth its reasons in an order entered on the minutes." (*Id.* at p. 157.) The court went on to explain that the order was also substantively an abuse of discretion, observing "[t]he record on appeal is devoid of mitigation" and there, similarly, was "little favorable about [his] background, character, or prospects." (*Id.* at p. 163.)

Procedurally, the trial court's ruling here stands in marked contrast to that in *Williams.* Here, the court set forth in considerable detail its reasons for denying defendant's *Romero* motion.

Furthermore, unlike when a trial court grants a *Romero* motion, as the court did in *Williams,* when a trial court denies such a motion there is no

requirement that the court explain its reasons. (*In re Large* (2007) 41 Cal.4th 538, 550–551.) "While a court must explain its reasons for striking a prior (§ 1385, subd. (a); see *Romero, supra,* 13 Cal.4th 497, 531), no similar requirement applies when a court declines to strike a prior (*People v. Carmony, supra,* 33 Cal.4th 367, 376)." (*In re Large,* at p. 550; see *Williams, supra,* 17 Cal.4th at p. 161 [if a court "*is* striking or vacating an allegation or finding, it must set forth its reasons in an order entered on the minutes," italics added]).) We also indulge a " 'strong presumption' [citation] that the trial judge properly exercised his [or her] discretion in refusing to strike a prior conviction allegation" (*In re Large,* at p. 551), and the appellant has the burden of rebutting that presumption and demonstrating an abuse of discretion. (*Id.* at pp. 550–551.)

Defendant additionally relies on *People v. Cole* (2001) 88 Cal.App.4th 850 (*Cole*), asserting the trial court's denial of a *Romero* motion in that case exemplifies that "[o]ther courts have performed the mandated balancing more conscientiously."[7] We disagree and fail to see how the trial court's ruling in that case was any more "conscientious" than that by the trial court here.

The Court of Appeal described the trial court's ruling in *Cole* as follows:

> "At the sentencing hearing, the court stated that it had read and considered defendant's written motion, and the probation report of his current crimes. The trial court heard argument from both counsel. Also, on defendant's behalf, the court heard from the victim of defendant's prior convictions of assault with a deadly weapon, and reviewed the probation report from that prior crime. Defendant and his mother addressed the court. Ultimately, the court declined to exercise its discretion to strike any of the prior convictions. The court sentenced defendant to 25 years to life on each count, to be served concurrently. It struck the three prior prison terms." (*Cole, supra,* 88 Cal.App.4th at pp. 873–874.)

---

[7] Defendant incorrectly cites *People v. Cole* as a Supreme Court case reported at 88 Cal.4th 850.

The appellate court went on to state:

> "The court's comments in denying the motion reflect a thorough, thoughtful consideration of the relevant factors. The court succinctly reviewed 'the most recent and definitive statement of the Supreme Court, which does set forth the limits of the court's discretion,' an implicit reference to *People v. Williams.* . . . The court considered defendant's oral and written submissions, but observed that '[f]or the last 16 years, you have been continuously in prison or on parole from state prison. In fact, by my count it looks to me you have gone back to prison five times on various parole violations. And that's separate and apart from the additional burglary conviction.' The court noted defendant's expression of remorse and the love of his family. However, the court concluded, 'I have to say, Mr. Cole, that based upon an analysis of your background, character, and prospects[,] and even considering the fact that the court has a great deal of admiration for you because you did plead guilty and admit all of these allegations against you without any hope of—at least no indication from the court as to what the sentence would be, I have to say that I don't see anything in your future . . . despite your best intentions . . . [except] more of the same.' [¶] The court's comments leave no doubt that it fairly exercised its discretion. . . ." (*Cole, supra,* 88 Cal.App.4th at p. 874.)

Thus, the appellate court in *Cole* described a ruling that is not materially different than that made by the trial court here.[8]

In short, not only has defendant not cited a single case supporting his apparent view that a ruling denying a *Romero* motion must have a greater degree of specificity and exactitude than the trial court's ruling here, but, as

---

[8] Defendant also cites *Arrozal v. INS* (9th Cir. 1998) 159 F.3d 429, 433, for the proposition that "[t]o complete a proper exercise of discretion, the court need[s] to weigh [the] mitigating evidence against the aggravating facts of appellant's offenses so as to reach a balanced conclusion." *Arrozal* involved an order denying a motion to reopen immigration proceedings and is wholly inapposite.

we have discussed, the law is to the contrary. (*In re Large, supra,* 41 Cal.4th at pp. 550–551.)

Rather, what we must determine is whether the trial court *considered* the three factors identified by our high court in *Williams*, namely, "[(1)] the nature and circumstances of the defendant's present felonies[, (2) the nature and circumstances of defendant's] prior serious and/or violent felony convictions, and [(3)] the particulars of [defendant's] background, character, and prospects." (*Williams, supra*, 17 Cal.4th at p. 161.) Given the trial court's explicit statement that it "looked through everything [it had] been provided," which included all the materials submitted by defendant, as well as the probation report, it is clear that the court was aware of its evaluative responsibility under *Romero* and *Williams.* Indeed, absent clear evidence to the contrary, of which there is none, we must presume the court knew and followed the law in deciding whether to exercise its discretion to dismiss the strike allegation, including its consideration of the three factors enunciated in *Williams.* (See *People v. Kelley* (1997) 52 Cal.App.4th 568, 582.) Furthermore, the fact the trial court may have elaborated on defendant's extensive criminal history does not mean that it considered only that factor. (See *Ibid.* [court presumed to have considered all relevant factors unless the contrary is affirmatively shown]; *People v. Myers, supra,* 69 Cal.App.4th at p. 310 ["the fact that the court focused its explanatory comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor"].)

Given that defendant's appeal is focused on an asserted procedural deficiency in the trial court's ruling—i.e., its supposed failure to balance the factors identified in *Williams*—we need say little on the substance of the court's ruling. We have already summarized the information that was put

before the trial court. And in "light of the nature and circumstances" of defendant's criminal history and his present crimes, "and the particulars of his background, character, and prospects," the trial court did not abuse in its discretion in concluding that he came within the "spirit" of the Three Strikes law. (*Williams, supra,* 17 Cal.4th at p. 161.)

## DISPOSITION

The judgment is affirmed.

_____
Banke, J.


We concur:


_____
Margulies, P.J.


_____
Wiss, J.*


*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A162520, People v. Gunther